

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00603-CR

Kurt Conrad **MILLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR8700
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed: October 9, 2013

DISMISSED

Pursuant to a plea agreement with the State, appellant Kurt Conrad Miller pleaded nolo contendere to the offense of credit card abuse. The trial court imposed sentence in accord with the plea agreement and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a

certification that shows the defendant has the right of appeal has not been made part of the record."

*Id.*

This court gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal were made part of the appellate record within thirty days. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant's appointed appellate counsel filed a written response, stating he has reviewed the record and can find no right of appeal. After reviewing the record and counsel's notice, we agree that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish